IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Brian Kenneth Morrison, | ) | Case No. 6:20-cv-01939-DCC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| | ) | |
| Steven Anderson, Steve Mueller, | ) | |
| S. Wells, Cedric Dunn, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the Court upon Plaintiff's amended complaint alleging violations of his civil rights pursuant to 42 U.S.C. § 1983. ECF No. 21. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), this matter was referred to United States Magistrate Judge Kevin F. McDonald for pre-trial proceedings and a Report and Recommendation ("Report"). On October 6, 2020, the Magistrate Judge issued an Order informing Plaintiff that this action was subject to summary dismissal. ECF No. 19. Plaintiff was told that he could attempt to cure the defects in his complaint by filing an amended complaint. Plaintiff was warned that failure to file an amended complaint could result in dismissal of his claim with prejudice and without leave for further amendment. Plaintiff filed an amended complaint; however, as noted by the Magistrate Judge, Plaintiff failed to cure the defects in his initial complaint.

On November 16, 2020, the Magistrate Judge issued a Report recommending that this action be dismissed with prejudice and without issuance and service of process. ECF

No. 26. The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. Plaintiff did not file objections to the Report, and the time to do so has lapsed.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. See *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. See 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. See *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

As stated above, Plaintiff has not objected to the Magistrate Judge's Report. Accordingly, after considering the record in this case, the applicable law, and the Report of the Magistrate Judge, the Court finds no clear error and agrees with the

recommendation of the Magistrate Judge.  This action is dismissed with prejudice and without issuance and service of process.[1]

    IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

January 28, 2021
Spartanburg, South Carolina

---

[1] *See Workman v. Morrison Healthcare*, 724 F. App'x 280, 281 (4th Cir. 2018) (in a case where the district court had already afforded the plaintiff an opportunity to amend, directing the district court on remand to "in its discretion, either afford [the plaintiff] another opportunity to file an amended complaint or dismiss the complaint with prejudice, thereby rendering the dismissal order a final, appealable order") (citing *Goode v. Cent. Va. Legal Aid Soc'y, Inc.*, 807 F.3d 619, 630 (4th Cir. 2015), *abrogated in part by Bing v. Bravo Sys., LLC*, 959 F.3d 605, 614–15 (4th Cir. 2020)).